| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| ROBERTO LINO RODRIGUEZ,<br><br>                        Petitioner,<br><br>– against –<br><br>B. SMITH,<br><br>                        Respondent. | **MEMORANDUM & ORDER**<br><br>13-CV-2522 (ERK) |

KORMAN, J.:

Petitioner Roberto Lino Rodriguez was convicted after a jury verdict of one count of Course of Sexual Conduct Against a Child in the First Degree and two counts of Sodomy in the First Degree. He was sentenced to concurrent terms of 13 years imprisonment on each of the three counts, to be followed by five years of post-release supervision. The Appellate Division affirmed his convictions, *People v. Rodriguez*, 936 N.Y.S.2d 896 (N.Y. App. Div. 2012), and the Court of Appeals denied leave to appeal, *People v. Rodriguez*, 968 N.E.2d 652 (N.Y. 2012). I assume familiarity with the underlying facts of the case, and proceed to discuss the three issues raised in this petition for a writ of habeas corpus.

1. Petitioner first claims that the trial court's decision to allow Dr. Eileen Treacy to testify as an expert about Child Sex Abuse Accommodation Syndrome denied him his right to a fair trial by improperly bolstering the testimony of other prosecution witnesses. Pet. Writ Habeas Corpus 6. He further argues that his trial counsel's failure to "properly protest or impeach" the testimony constituted ineffective assistance of counsel. *Id.* The Appellate Division held that the underlying contention was "unpreserved for appellate review . . . and, in any event, is without merit." *Rodriguez*, 936 N.Y.S.2d 896.

1

Passing over the procedural bar that likely applies where the Appellate Division has ruled that an issue was not preserved for appellate review, *Coleman v. Thompson*, 501 U.S. 722, 735 (1991), petitioner's claim fails on the merits. First, he does not state a claim that is cognizable on federal habeas review. Petitioner presents the error as a bolstering claim, which is a matter of state evidentiary—not federal—law. But habeas review is limited to violations of the Constitution, laws, or treaties of the United States and does not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "Habeas relief can be granted only if improperly admitted evidence is so unfair that it violates fundamental concepts of justice." *Rosario v. Ercole*, 582 F. Supp. 2d 541, 558 (S.D.N.Y. 2008) (citing *Dowling v. United States,* 493 U.S. 342, 352 (1990)). The Second Circuit has observed that there is no "Supreme Court case that clearly establishes that the admission of evidence that improperly bolsters a prosecution witness's testimony constitutes a violation of the Fourteenth Amendment." *Evans v. Fischer*, 712 F.3d 125, 133 (2d Cir. 2013); *see also Bryson v. Sheahan*, No. CV-11-0749, 2013 WL 5502835, at * 24 (E.D.N.Y. Oct. 1, 2013) (collecting cases). Thus, even if it were true that Dr. Treacy's testimony improperly bolstered the testimony of other prosecution witnesses, petitioner would not be entitled to habeas relief because it has not been clearly established by the Supreme Court that such bolstering violates the constitutional right to due process.

Second, also without merit is petitioner's claim that he received ineffective assistance of counsel because his trial counsel failed to "properly protest or impeach" Dr. Treacy's testimony. To establish ineffective assistance of counsel under Supreme Court precedent, defendants must show that (1) "counsel's representation fell below an objective standard of reasonableness" and that (2) "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). The first prong requires that courts recognize counsel's "wide latitude" in

making tactical decisions and imposes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires that a defendant "shows that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner does not satisfy either prong of the *Strickland* test. Notwithstanding the Appellate Division's finding that the issue was unpreserved, petitioner's trial counsel did object before trial to Dr. Treacy's testimony and sought successfully to have the judge limit the testimony to the expert's opinion that a child's failure to immediately report sexual abuse is not inconsistent with that abuse having occurred. Def.'s App. Div. Br. 30; Hrg. Tr. 112–20. Moreover, during the trial, petitioner's counsel engaged in an informed and effective cross-examination of the expert, eliciting that Dr. Treacy had not had any contact with the complaining witness in the case and having her explain how confirmation bias can infect a sex abuse investigation and the reasons that a child may falsely claim to have been abused. Tr. 161–64. Because petitioner's trial counsel did not fall below an objective standard of reasonable attorney conduct, petitioner cannot satisfy the first prong of the *Strickland* test. Nor can he meet the second. Even assuming that petitioner's trial counsel was ineffective, because the Appellate Division ruled that the objection lacked merit, petitioner has failed to demonstrate prejudice. *See Harrington v. United States*, 689 F.3d 124, 130 (2d Cir. 2012) ("At the second step of [the *Strickland*] analysis, a petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit." (citing *Aparicio v. Artuz,* 269 F.3d 78, 99 n.10 (2d Cir. 2001))). Indeed, the New York Court of Appeals subsequently ruled that expert testimony regarding the typical behavior of a sexual abuser—the testimony petitioner claims his attorney should have objected to—is properly admissible at trial. *People v. Williams*, 987 N.E.2d 260, 263 (N.Y. 2013); *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (holding that there is no prejudice

where counsel failed to make an objection under then-existing federal law that was subsequently overruled).

2. Petitioner next claims that the trial court erred by failing to instruct the jury that it could consider the complainant's failure to report the abuse immediately after it happened when weighing the complainant's credibility and by failing to give a limiting instruction to the jury regarding its use of evidence regarding petitioner's prior convictions and uncharged crimes. Pet. Writ Habeas Corpus 7. The Appellate Division ruled that these issues were "unpreserved for appellate review, since the defendant neither requested such instructions nor objected to the charge as given." *Rodriguez*, 936 N.Y.S.2d 896. The court further ruled that, "[i]n any event, any error resulting from the alleged failure of the trial court to give certain instructions to the jury was harmless as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions." *Id.*

Because the last state court to render a judgment on the case rested its decision on an independent and adequate state ground—the failure to preserve the claim through contemporaneous objection—petitioner is procedurally barred from obtaining habeas relief in federal court. *Coleman*, 501 U.S. at 735. That the state court ruled "in any event" on the merits does not remove that procedural bar. *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005). Because petitioner has made no showing of cause and prejudice, nor of actual innocence, he is not entitled to federal habeas relief. *Coleman*, 501 U.S. at 750.

Moreover, petitioner's claim fails on its merits. An erroneous jury instruction is generally a matter of state law that only warrants habeas relief if it "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. at 72 (1991) (internal quotations omitted). "In order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner

must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Ricketts v. Mazzuca*, 250 F. Supp. 2d 131, 134 (E.D.N.Y. 2003) (internal quotations omitted). The petitioner's burden is particularly heavy where the alleged error is the failure to give a requested instruction because "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

Here, petitioner's trial was not infected with unfairness by the trial judge's failure to *sua sponte* give the unrequested jury charges. As to the credibility of the complaining witness, the trial judge clearly and thoroughly instructed the jury on its role as finder of facts, Trial Tr. 288–89, and that it was responsible for weighing the credibility of witnesses by "apply[ing] all of the common sense which you would ordinar[ily] apply in your own affairs and in your everyday life." Trial Tr. 290–91. As to the lack of a limiting instruction regarding evidence of petitioner's past crimes, it seems unlikely that the jury would consider petitioner's drug activities as indicating a propensity to sexually assault children. Even if the jury may have made that counterintuitive leap, there is no clearly established constitutional right to a trial free of the use of propensity evidence. *See Estelle,* 502 U.S. at 75 n.5 (1991) ("Because we need not reach the issue, we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); *Allaway v. McGinnis*, 301 F. Supp. 2d 297, 300 (S.D.N.Y. 2004) ("Moreover, the Supreme Court has not yet clearly established when the admission of evidence of prior crimes under state evidentiary laws can constitute a federal due process violation."). In the absence of such clearly established law, petitioner's claim fails. 28 U.S.C. § 2254(d)(1).

3. Finally, petitioner claims his rights were violated when a videotaped interview with a child witness was introduced before the grand jury without having been properly

authenticated. Specifically, petitioner contends that "[t]he prosecutor gave contradictory dates at the beginning and end of the videotape as to the date of the examination" in contravention of New York Criminal Procedure Law § 190.32(5)(a). The Appellate Division ruled that this argument lacked merit. *Rodriguez*, 936 N.Y.S.2d 896.

This claim for federal habeas relief is frivolous because the Supreme Court has held that the grand jury clause of the Constitution does not apply to the states. *Hurtado v. California*, 110 U.S. 516, 538 (1884). Even in federal criminal practice, where a defendant is entitled to be charged by a grand jury, errors committed during the course of the grand jury proceedings are rendered harmless by a subsequent conviction. *Lopez v. Riley*, 865 F.2d 30, 32–33 (2d Cir. 1989) (holding that errors in grand jury proceedings are rendered harmless on habeas review where there is a conviction by the petit jury). In any event, this claim does not provide a cognizable basis for habeas relief because it alleges only a minor technical violation of state law and not a federal constitutional violation. *See Estelle*, 502 U.S. at 67–68.

## CONCLUSION

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
July 20, 2015

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge